# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER PETERSON III,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION, and DOES 1-20,<br><br>    Defendants. | CASE NO. 1:10-cv-01132-SMS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 5) |

Defendant California Department of Corrections and Rehabilitation moves to dismiss this case under F.R.Civ.P. 12(b)(6). Plaintiff Spencer Peterson II, appearing *pro se*, opposes the motion. Both parties have consented to the jurisdiction of a magistrate judge (Docs. 4 and 7). This Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered all written materials submitted, the Court dismisses all claims relating to Defendant's 2004 determination not to promote Plaintiff to Correctional Lieutenant, but denies Defendant's motion to dismiss claims relating to its 2009 determination not to promote Plaintiff to Correctional Captain.

I.   **Procedural and Factual Background**

**Procedural History.** Defendant removed this lawsuit to federal district court from California state court on June 23, 2010 (Doc. 1). On June 30, 2010, it moved to dismiss the suit for failure to state a claim upon which relief could be granted (F.R.Civ.P. 12(b)(6)).

1

**Alleged Facts.** Defendant first employed Plaintiff, who is African-American, on February 9, 1986, at California Medical Facility at Vacaville. Employed at Vacaville until June 1997, Plaintiff maintained "an exemplary and spotless record" and "earn[ed] outstanding and above standards ratings." On July 1, 1997, Plaintiff transferred laterally to the California Substance Abuse Treatment Center in Corcoran, California.

On October 25, 1999, Defendant promoted Plaintiff to Correctional Sergeant. Beginning in March 2004, Plaintiff began to experience racial discrimination. On March 16, 2004, Plaintiff interviewed for promotion to Correctional Lieutenant, was rated "competitive," but did not receive a promotion.

On December 6, 2004, Plaintiff again interviewed for the position of Correctional Lieutenant. Although Plaintiff contends that he performed better than in the earlier interview, the panel rated Plaintiff "noncompetitive." Other candidates who were not African-American were promoted. Plaintiff contends that these candidates were less qualified than Plaintiff.

Plaintiff was promoted to Correctional Lieutenant at a later time. Nonetheless, he contends that the delay in promotion caused injuries and damages.

In April 2009, Plaintiff interviewed for the position of Correctional Captain. The interview panel recommended Plaintiff for promotion. On or about May 1, 2009, Defendant promoted another individual, who was not African-American and who had not participated in the interviews for the position. Plaintiff contends that the he was more qualified for the position than the individual who was promoted to fill it.

On June 2, 2009, Defendant requested approval to promote Plaintiff to the position of Correctional Captain. On January 1, 2010, Plaintiff was promoted to Correctional Captain. Nonetheless, Plaintiff contends that the delay in promotion caused injuries and damages.

**II.    Discussion**

Defendant contends (1) that Plaintiff's claims relating to Defendant's failure to promote him to Correctional Lieutenant in December 2004 are time-barred, and (2) that the complaint does not plead facts sufficient to establish that Plaintiff exhausted his federal and state administrative remedies before seeking relief under federal law. Plaintiff denies that the 2004

claims are time-barred since the parties dismissed the earlier suit without prejudice and contends that his Title VII and FEHA retaliation claims do not require exhaustion.

### A.     Timeliness of December 2004 Claims

Plaintiff's claims relating to Defendant's failure to promote him to Lieutenant in December 2004 were the subject of a prior lawsuit: *Peterson v. State of California Department of Corrections and Rehabilitation* (1:06-cv-00349-LJO-TAG)("*Peterson I*"). The parties stipulated to the dismissal of that suit on May 4, 2010. Defendant contends that the statute of limitations now bars Plaintiff's claims.

An individual claiming employment discrimination may bring a civil suit within ninety days after the issuance of a right-to-sue letter. 42 U.S.C. § 20003-5(f)(1). Plaintiff acknowledges that the ninety-day limitations period has long passed since he received the right-to-sue letter regarding his 2004 discrimination claim from EEOC on August 9, 2005, and another from the California Department of Fair Employment and Housing ("DFEH") on July 11, 2005. But he disagrees with Defendant's contention, arguing that this suit is timely because his prior suit (*Peterson v. State of California Department of Corrections and Rehabilitation* (1:06-cv-00349-LJO-TAG)) was dismissed voluntarily and without prejudice.

Pendency of a prior lawsuit does not toll the running of the statute of limitations. *See Thomas v. Lorain Community College*, 2010 WL 1433383 (N.D. Ohio March 22, 2010), *and the cases cited therein,* report and recommendation adopted by 2010 WL 1404449 (N.D. Ohio April 7, 2010) (No. 1:09CV1159). When parties stipulate to a dismissal without prejudice after the applicable statute of limitations runs, the dismissal is a final dismissal. *Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1155 (3d Cir. 1986), *cert. denied sub nom Turgiss v. Fassett*, 481 U.S. 1070 (1987); *Carr v. Grace*, 516 F.2d 502, 503 n. 1 (5th Cir. 1975); *Cortes v. City of New York*, 700 F.Supp.2d 474, 482 (S.D. N.Y. 2010). Unless there is clear and unequivocal proof that the parties agreed to waive the application of the limitations period as part of their stipulation of dismissal, a court will not consider the stipulation of dismissal to have included such a waiver. *Kellermyer v. Blue Flame Gas Corp.*, 797 F.2d 983, 986 (Temp. Emer. Ct. App.), *cert. denied*, 479 U.S. 985 (1986). Nor is an opposing party is estopped from asserting

3

the statute of limitations in a new case brought after an earlier case was dismissed by stipulation in the absence of evidence that Plaintiff was misled to its prejudice. *Id.*

Plaintiff initially attempted to voluntarily dismiss *Peterson I* unilaterally (*Peterson I,* Doc. 92). The District Court denied Plaintiff's request, directing him to submit a stipulation of dismissal signed by both parties (*Peterson I*, Doc. 93).  Thereafter, the parties submitted a stipulation of dismissal consisting of a single sentence: "It is hereby stipulated by and between the parties to this action through their designated counsel that the above-entitled action be dismissed pursuant to Fed. Rule Civ. Pro. 41(a)(1)(A)(ii)" (*Peterson I*, Doc. 94).  No evidence in the record suggests any intent that Defendant waive its right to object to any subsequent action on statute of limitations grounds.  Accordingly, all claims relating to Defendant's 2004 denying Plaintiff promotion to Correctional Lieutenant must be dismissed as untimely.

### B.     Sufficient Allegations of Exhaustion

To survive a motion to dismiss for failure to state a claim (F.R.Civ.P. 12(b)(6)), a plaintiff must allege sufficient facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied*, 454 U.S. 1031 (1981).

At its most basic level, evaluating whether a complaint states a claim against a particular defendant requires its analysis in light of applicable pleading standards.  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Twombly*, 550 U.S. at 555. "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

The complaint alleges, in pertinent part:

> Plaintiff has properly exhausted his administrative remedies and met pertinent preconditions to filing suit under the FEHA, by filing a complaint with, and receiving a "Right to Sue" letter from, the California Department of Fair Employment and Housing pursuant to *Government Code* § 12965, within the statutory time period prior to the filing of the complaint as to each act complained of herein. Regarding the allegations of the most recently alleged discriminatory actions (the April 2009 promotional interview for Captain), Plaintiff filed a complaint with DFEH on March 4, 2010, which complaint was "dual-filed" with EEOC. Plaintiff has received a "Right to Sue" letter from DFEH. Thus, plaintiff has complied with all procedural requirements for pursuing this action under both Title VII and California FEHA.

(Doc. 1, ¶7)

Defendant contends that the complaint fails to state a claim since it alleges legal conclusions, not facts, regarding exhaustion, a necessary element of a Title VII claim of discrimination. Relying on *Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992), Plaintiff responds that exhaustion is not necessary since he is filing a claim for retaliation.

Because the complaint includes no language or allegations suggesting the Plaintiff is bringing a retaliation claim, whether exhaustion is or is not required for retaliation claims is irrelevant to this issue. The only question facing this court is whether Plaintiff adequately

///

1 pleaded that he exhausted the administrative process before bringing suit on the remaining claim
2 in this action: denial of promotion to Correctional Captain in June 2009.

3       Before bringing suit, an aggrieved employee must file an administrative complaint with
4 the EEOC or the appropriate state agency and receive a right-to-sue letter. 42 U.S.C § 2000e-
5 5(f)(1); *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002). In California, issuance of a right-to-
6 sue letter by either EEOC or DFEH is generally considered evidence that an aggrieved employee
7 has exhausted his or her administrative remedies. Hon. Ming W. Chin *et al.*, California Practice
8 Guide Employment Litigation, § 16.3 *et seq.* (Rutter Group 2009). Actual receipt of a right-to-
9 sue letter is not required, however; entitlement to a right-to-sue letter, without actual receipt of it,
10 is sufficient evidence of exhaustion to establish federal jurisdiction. *See Surrell v. California
11 Water Service Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008); *Moore v. City of Charlotte, North
12 Carolina*, 754 F.2d 1100, 1104 n. 1 (4th Cir.), *cert. denied*, 472 U.S. 1021 (1985).

13       Plaintiff alleges that he has received a right-to-sue letter from DFEH: nothing more is
14 required. This Court is aware of no requirement that the right-to-sue letter be appended to a
15 plaintiff's pleadings, and Defendant provides no authority for this alleged requirement. The
16 Court is not typically a repository for the parties' evidence. Originals or copies of evidence are
17 properly submitted when the course of the litigation brings the evidence into question (as upon a
18 summary judgment motion, at trial, or upon the Court's request).

19       The date of the right-to-sue letter is not relevant to federal court jurisdiction but to any
20 statute of limitation claim that Defendant may elect to assert as an affirmative defense. Plaintiff
21 was not required to recite the date of the right-to-sue letter in the complaint.

22       Finally, although the paragraph excerpted above includes language expressing Plaintiff's
23 legal conclusions, the relevant question is not whether the complaint alleges legal conclusions
24 but whether it alleges sufficient facts to state a cognizable claim. Because the complaint in this
25 case does so, it survives Defendant's F.R.Civ.P. 12(b)(6) motion.

26 **III.**   **Order**

27       In light of the foregoing analysis, this Court grants Defendant's motion for dismissal of
28 all claims relating to Defendant's failure to promote Plaintiff to Correctional Lieutenant in 2004

due to untimeliness and denies Defendant's motion to dismiss claims relating to Defendant's failure to promote Plaintiff to the rank of Correctional Captain in 2009 for failure to allege exhaustion.

It is hereby ORDERED:

1. All claims relating to Defendant's 2004 failure to promote Plaintiff to the rank of Correctional Lieutenant are hereby dismissed, with prejudice, as untimely.
2. Defendant's motion to dismiss claims relating to Defendant's failure to promote Plaintiff to the rank of Correctional Captain in 2009 is hereby denied.

IT IS SO ORDERED.

**Dated:   September 14, 2010**                /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE