# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER PETERSON III, | CASE NO. 1:10-cv-01132-SMS |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT |
| STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | (Doc. 30) |

Plaintiff Spencer Peterson III moves for leave to amend his complaint to augment his claim that Defendant California Department of Corrections and Rehabilitation retaliated against him for filing a prior lawsuit against it and to add a new claim alleging "discrimination in assignments/hostile work environment." Defendant responds that permitting Plaintiff to modify his complaint will unduly prejudice Defendant and unnecessarily waste resources. Having reviewed the record and applicable law, the Court denies Plaintiff's motion.

I.     **Procedural and Factual Background**

On June 23, 2010, Defendant removed Plaintiff's original complaint to this Court from the Fresno County Superior Court, where Plaintiff had filed it on May 11, 2010. Plaintiff alleged that Defendant failed to promote Plaintiff, a correctional officer, in 2004 because Plaintiff's race

///

is African-American; and again in 2009, because of Plaintiff's race and in retaliation for his filing an earlier discrimination action for Defendant's 2004 failure to promote Plaintiff.

Defendant moved to dismiss Plaintiff's case on June 30, 2010.  On September 14, 2010, this Court granted Defendant's motion in part and denied it in part, dismissing the 2004 claims as untimely.

Non-expert discovery ended May 6, 2011, and expert discovery ended May 20, 2011.

On June 29, 2011, Plaintiff moved to amend his complaint.  Plaintiff's "First Amended Complaint" omits the initial section of the original complaint (¶¶ 2-8) which identified the parties and sets forth allegations regarding Plaintiff's prior lawsuit against Defendant.  It abandons the convention of presenting allegations in numbered paragraphs, taking on the character of a brief in that it incorporates additional argument including legal quotations and citations.  Although the amended complaint omits or minimizes various allegations of the original complaint, it adds a claim alleging discrimination in assignments/hostile work environment, alleging actions by Defendant beginning May 2, 2010, and adds instances of retaliation that occurred beginning in September 2010.

**II.     Discussion**

"Rule 15 addresses both amended pleadings (pleadings that set forth new or additional allegations, facts or claims) and supplemental pleadings (pleadings that set forth transactions or occurrences which have happened since the date of the initial pleading), which relate back to the original pleading.  William W. Schwarzer et al., *California Practice Guide–Federal Civil Procedure Before Trial* § 8.27 (The Rutter Group 2011).  An amended complaint under Rule 15(a) permits the plaintiff to add claims or allege facts arising before the original complaint was filed. *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 2874 (2011).  Rule 15(d) provides the means for a plaintiff to add additional causes of action that did not exist when the plaintiff filed the original complaint. *Id.*

In either case, the motion (1) must be in writing; (2) must state with particularity the grounds for seeking the order; and (3) must state the relief sought.  F.R.Civ.P. 7(b)(1).  A moving party is required to state the grounds for its motion to amend "with particularity." *Waters v.*

*Weyerhauser Mortgage Co.*, 582 F.2d 503, 507 (9th Cir. 1978).  Merely requesting leave to amend without indicating the grounds for the amendment, as Plaintiff does here, does not constitute a motion within the requirements of F.R.Civ.P. 15(a).  *U.S. Care, Inc. v. Pioneer Life Ins. Co. of Illinois*, 244 F.Supp.2d 1057, 1065 (C.D. Cal. 2002).  *See also Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 853 (6th Cir. 2006); *Confederate Memorial Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993); *AT & T Corp. v. American Cash Card Co.*, 184 F.R.D. 515, 521 (S.D. N.Y. 1999).  Plaintiff's motion could be denied on this procedural ground alone.  *U.S. Care*, 244 F.Supp.2d at 1065.

### A.  Amended Pleadings

Under F.R.C.P. 15(a)(2), a party may amend its pleading with leave of court.  The court should freely give leave to amend when justice requires.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  This policy should "'be applied with extreme liberality.'"  *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), *quoting Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.  In the absence of apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'"  *Foman*, 371 U.S. at 182.  A court must be guided by the purpose of Rule 15, which is facilitating decisions on their merits.  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

The factors are not to be given equal weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Prejudice to the opposing party must be given the greatest weight.  *Id.*  The factors should not be understood rigidly or evaluated mechanically; the court should "examine each case on its facts" and determine the propriety of granting leave to amend on that basis.  *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002), *quoting* 6 Charles Alan Wright, et al., *Federal Practice and Procedure Civil 2d* § 1430 (2d ed.

1990). "Absent prejudice, or a strong showing of any of the other the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *SAES Getters*, 219 F.Supp.2d at 1086.  Nonetheless, leave to amend is a matter of the trial court's discretion. *Swanson v. U.S. Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996); *United States v. County of San Diego*, 53 F.3d 965, 969 n. 6 (9th Cir.); *cert. denied*, 516 U.S. 867 (1995).

**Untimeliness and Prejudice.**  In evaluating a motion for leave to amend, a court may consider the moving party's undue delay in pursuing the amendment. *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999).  Delay alone is generally insufficient justification for denying a motion to amend unless the court also specifically finds prejudice to the opposing party, bad faith of the moving party, or futility of amendment. *Id.* at 758.  Certain factors may justify permitting late amendment of pleadings: restatement of a claim already in issue; new instances of previously alleged statutory violations; timing early in the discovery period or long before trial; the party's loss of its claim if it were not added to the pending suit; delay but no prejudice to the opposing party; or a claim that may be tried on its merits with no additional facts. *Chrysler Corp. v. Fedders Corp.*, 540 F.Supp. 706, 715-16 (S.D. N.Y. 1982).

Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court. *Mayreaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).  Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading. *Morongo Band*, 893 F.2d at 1079. "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999).  Plaintiff moved to amend after discovery had closed.

A moving party's inability to acceptably explain its delay may also indicate that the delay was undue.  *Swanson*, 87 F.3d at 345; *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990); *E.E.O.C. v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir.), *cert. denied*, 488 U.S. 889 (1988). Whether the moving party knew or should have known the facts and theories raised in the proposed amendment at the time it filed its original pleadings is a relevant consideration in

assessing untimeliness. *Jackson*, 902 F.2d at 1388. For example, in *Campbell*, the district court did not abuse its discretion in denying a plaintiff's motion to amend which was filed one year after discovery ended, after dispositive motions had been filed, and between five and six years after the complaint was filed, and which incorporated allegations based on facts that were available to the plaintiff when he filed his complaint. 166 F.3d at 1162.

In *Mayreaux*, the Fifth Circuit considered a motion to amend that was clearly untimely since the case had been in the court for years and the discovery period was ending. 376 F.3d at 427-28. An untimely motion to amend, said the court, may either (1) present alternative theories of recovery under the existing facts or (2) fundamentally alter the nature of the case. *Id.* at 427. When an amendment merely incorporates alternative theories using existing facts, it falls safely within Rule 15(a)'s policy of promoting litigation on the merits over procedural technicalities. *Id.* But when, after a period of extensive discovery, a party proposes a late-tendered amendment that would fundamentally change the case to incorporate new causes of action and that would require additional discovery, the amendment may be appropriately denied as prejudicial to the opposing party. *Id. See also Solomon v. North American Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (finding that the district court did not abuse its discretion in denying leave to amend based on undue delay and prejudice since the motion, made on the eve of the discovery deadline, would have required re-opening discovery and delaying the proceedings); *Morongo Band*, 893 F.2d at 1079 (holding that the district court did not abuse its discretion in denying leave to amend when plaintiffs moved to amend two years after the initial filing, and the new claims would have greatly altered the nature of the litigation and required the opposing party to prepare "an entirely new course of defense"); *Singh v. City of Oakland*, 295 Fed.Appx.118, 122 (9th Cir. 2008) (holding that the district court did not abuse its discretion in denying the plaintiff leave to amend his complaint a month before the scheduled trial when the plaintiff had known the facts alleged in the proposed amendment for at least two years before moving for leave to amend and the new claims would have required additional discovery and trial preparation, prejudicing the opposing parties and delaying the proceedings).

///

"A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). *See also Elite Entertainment, Inc. v. Khela Brothers Entertainment*, 227 F.R.D. 444, 448 (E.D. Va. 2005) (finding the defendants' motion to file amended counterclaims that would expand scope and theory of liability just before the expiration of the previously extended discovery period and weeks before trial to be untimely and prejudicial).

Although the costs of prosecuting or defending a lawsuit may be substantial, cost alone is not prejudicial. Discovery or other litigation costs become prejudicial only when the additional costs could easily have been avoided had the proposed amendments been included within the original pleading. *Amerisource-Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 653 (9th Cir. 2006). In *Amerisource-Bergen*, the plaintiff filed a breach of contract action alleging that the defendant had provided various counterfeit drugs; the defendant counterclaimed for payment for a particular drug, Procit, that the plaintiff conceded was genuine. *Id.* at 949. At the end of the discovery period, the defendant moved for summary judgment on its counterclaim. The plaintiff then sought to amend its complaint to allege that the Procit that it received from the defendant was tainted, providing no explanation for its change of position or its failure to plead the claim in its original complaint. *Id.* at 953, n. 9. The court found the additional discovery would be more expensive than usual in light of the short discovery time remaining and the additional time demands on opposing counsel. The additional cost was prejudicial since it could have been avoided if the plaintiff had alleged that the product was tainted in the original complaint. *Id.* at 953.

The additional costs in time and money are similarly prejudicial here. Reopening discovery would require duplication of time and expense to again depose witnesses regarding Plaintiff's claims. Because Plaintiff's undue delay is prejudicial to Defendant, his motion to amend is appropriately denied.

///

///

**B.     Supplemental Pleadings**

Supplemental pleadings can be filed only with leave of court and on just terms. F.R.Civ.P. 15(d). The standards for granting or denying a motion to supplement pleadings under Rule 15(d) are the same as those applied under Rule 15(a). *Glatt v. Chicago Park District*, 87 F.3d 190, 193 (7th Cir. 1996). The resolution of motions to file supplemental pleadings is also a matter of the trial court's discretion. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988), *cert. denied*, 493 U.S. 813 (1989). When a party erroneously denominates a supplemental pleading as an amended pleading, a court simply should evaluate allegations involving facts that occurred after the initial complaint was filed as a supplemental pleading. *United States ex rel. Wulff v. CMA, Inc.*, 890 F.2d 1070, 1073 (9th Cir. 1989). Here, Plaintiff alleges discrimination in assignments and a hostile work environment following his filing of the initial complaint.

Generally, a plaintiff may elect to pursue additional claims as a separate action or through supplemental pleadings. Use of supplemental pleadings is favored when it will permit the court to provide complete or nearly complete relief in a single action, thus promoting judicial economy and convenience. *Keith*, 858 F.2d at 473. Nonetheless, when a plaintiff moves to supplement a complaint long after he or she filed the initial complaint, he or she must adequately explain why the court's denying the motion to supplement would be unjust. *Glatt*, 87 F.3d at 193. The court should evaluate the late motion to supplement critically, assessing carefully the claim's merit, whether it could have been added earlier, and whether it unduly burdens the defendant. *Id.* The court must also consider the likelihood that the plaintiff is adding the claim to protract the litigation or to complicate the defense. *Id.*

The prejudice and delay that would arise from permitting Plaintiff to supplement the complaint at this late stage outweighs the possibility that the permitting supplementation would economically provide complete relief in a single action. The longstanding animosity between Plaintiff and Defendant has already resulted in Plaintiff's bringing multiple actions against Defendant. Granting Plaintiff's motion to supplement to current complaint is more likely to unduly protract the resolution of Plaintiff's initial claims than it is to expediently resolve all of the parties' disputes in a single action. In addition, Plaintiff's delay in bringing his motion

produces the same prejudice to Defendant that was fully discussed with regard to amendment of the complaint. Accordingly, Plaintiff's motion to supplement the complaint by adding an additional claim is denied.

### III.     Conclusion and Order

Because Plaintiff first sought to amend and supplement his complaint well after the discovery period in this action had ended, Plaintiff's motion is untimely and would unduly prejudice Defendant. Accordingly, Plaintiff's motion to amend is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   August 31, 2011**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE