# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER PETERSON III, | CASE NO. 1:10-cv-01132-SMS |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS, ATTORNEYS' FEES, AND COSTS |
| STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | (Doc. 29) |

Claiming a pattern of inadequate production and lack of timely discovery by Defendant, Plaintiff Spencer Peterson III moves for sanctions composed of attorneys' fees and costs. Labeling Plaintiff's contentions as "baseless accusations," Defendant responds that it have never withheld any responsive documents nor failed to comply with the Court's instructions. Having reviewed the record and applicable law, the Court denies Plaintiff's motion.

I.     **Procedural and Factual Background**

On June 23, 2010, Defendant removed Plaintiff's original complaint to this Court from the Fresno County Superior Court, where Plaintiff had filed it on May 11, 2010. Plaintiff,

1

proceeding *pro se*, alleged that Defendant failed to promote Plaintiff, a correctional officer, in 2004 because Plaintiff's race is African-American; and again in 2009, because of Plaintiff's race and in retaliation for his filing an earlier discrimination action for Defendant's 2004 failure to promote Plaintiff.  On September 14, 2010, all claims relating to Defendant's alleged failure to promote Plaintiff in 2004 were dismissed as untimely.

On October 26, 2010, Defendant provided 479 pages of documents to Plaintiff (CDCR00001-CDCR000479).  Doc. 35.

On February 8, 2011, Plaintiff requested Defendant's production of the following documents:

1. All documentation of consent decrees, court judgments and Memoranda of Understanding affecting [California Department of Corrections and Rehabilitation] CDCR, Department of Personnel Administration (DPA), CDCR Personnel Operations Manu[a]l, and California State Personnel Board (SPB) policies, procedures and/or standards relating to personnel promotion, recruitment and hiring processes to which Defendants were a party, relating to employee promotion or race/ethnicity, in force at any time from 2005 to the date of defendant's response.

2. All documentation of the April 2009 Correctional Captain's vacancies, position offerings referenced in Plaintiff's complaint, including advertisements and bulletins, applications, interview notes of review/decision panel, guides/scripts for panel use in interviews, interview results, ranking of candidates, ethnicity/race of candidates, candidates promoted; memos and notations referring to reasons for promotional panel recommendations and promotional decisions reached.

3. All documentation of correspondence between defendant and Spencer Peterson relating to his request and application for, and eventual promotion to Captain.

4. All documentation of the January 2010 Correctional Captain's vacancies, position offerings referenced in Plaintiff's complaint, including advertisements and bulletins, applications, interview notes of review/decision panel, guides/scripts for panel use in interviews, interview

2

>       results, ranking of candidates, ethnicity/race of candidates, candidates
>       promoted; memos and notations referring to reasons for promotional panel
>       recommendations and promotional decisions reached.
>
> 5.    All documentation with California Prison Health Care Services (CPHCS)
>       Fiscal Management Unit of the activating, establishing and the Hiring
>       Authority of the January 2010 Correctional Captain's position.
>
> 6.    All documentation of communication between or among Warden John
>       Haviland, Associate Director R.J. Subia, any member of any panel to
>       consider any of [P]laintiff's applications for promotion to Correctional
>       Captain, that mentions or references Spencer Peterson or any other
>       candidate for promotion to the Correctional Captain's position between
>       March 2009 and January 2010.

Doc. 21 at 3-5.

In a letter dated March 14, 2010, Defendant responded that, but for a single additional document to be forwarded to Plaintiff, the specified materials were all included in its October 26, 2010 disclosure. Defendant added that it had not yet received any documents responsive to its discovery requests to Plaintiff. On March 21, 2011, Plaintiff and Defendant met by telephone to discuss Plaintiff's discovery request. Thereafter, Defendant's counsel identified an additional document which contained personal and confidential information regarding a CDCR peace officer. Defendant requested Plaintiff sign a protective order to allow it to produce the peace officer document. Because Plaintiff never returned the protective order, Defendant did not forward the peace officer document.

On March 31, 2011, Plaintiff moved for an order compelling Defendant to produce documents requested in his February 8, 2011 request for production of documents. In a good faith effort to resolve the parties' dispute, Defendant arranged a telephonic status conference with the Court, to be held on April 7, 2011. After Plaintiff failed to confirm his availability and to

3

provide Defendant with telephone number to include him in the conference call, the status conference was continued to April 19, 2011. In an e-mailed message, defense counsel requested a list of any additional documents Plaintiff believed were still missing.

At the postponed conference on April 19, 2011, Plaintiff, Defendant, and this Court addressed Plaintiff's requests. "Plaintiff agree[d] to send defense counsel a detailed letter . . . setting forth precisely the documents he knows exists and . . . which he needs." Doc. 22. The parties agreed to meet and confer to resolve the discovery dispute. Defendant forwarded additional documents without waiting for Plaintiff's written request. In an e-mail dated April 26, 2011, defense counsel reminded Plaintiff that she still awaited receipt of the detailed letter that Defendant had represented would be forthcoming and that she could not release the document containing confidential Peace Officer information without his returning the signed protective order.

In a memorandum dated April 19, 2011, but received by the Court on April 27, 2011, Plaintiff listed the ten types of documents essential to filling vacancies that he was requesting, including sample documents. *See* Doc. 28. Plaintiff specified, "What is still needed is the: 1. Certification List of Possible Candidates[; and] 2. The responses by candidates to the Interview Questions written by panelists."

After a follow-up status conference on May 17, 2011, the parties stipulated to a protective order, signed by the Court on May 18, 2011, restricting Plaintiff's use of confidential Peace Officer information. Doc. 25. Thereafter, Defendant provided Plaintiff with that document.

On June 16, 2011, Plaintiff telephoned the Attorney General's office and left a message for Defendant's counsel, who was on vacation, requesting additional documents relating to the

position of Health Care Services Captain. Upon her return, defense counsel reviewed her records but failed to find the documents that Plaintiff requested. On June 29, 2011, counsel wrote to Plaintiff, stating that Defendant had no further documents responsive to his request.

Plaintiff filed this motion for sanctions on June 29, 2011, stating generally that he had "not yet received all executed, Response to the Request for Production of Documents, as well as written documentation explaining the hiring process for two Correctional Captains positions. Position #s 674-201-9650-001 (Custody Captain) and 674-201-9650-002 (Health Care Access Captain) from the Defendant." Doc. 29.

## II.     Discussion

Federal Rule of Civil Procedure 37(a) provides that a party may move for an order compelling disclosure or discovery. A party bringing a motion to compel must certify that he or she has conferred, or has attempted to confer, in good faith with the party that has failed to provide discovery. F.R.Civ.P. 37(a)(1). In the case of a failure to permit inspection of documents under F.R.Civ.P. 34, failure to provide discovery requires the responsive party to fail to permit inspection of documents. F.R.Civ.P. 37(a)(3)(B)(iv). Evasive or incomplete disclosure is treated as failure to provide discovery. F.R.Civ.P. 37(a)(4).

If the motion to compel is granted, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses in making the motion, including attorneys' fees. F.R.Civ.P. 37 (a)(5)(A). The Court may not order payment of costs, however, if:

1.  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

2.  the opposing party's nondisclosure, response, or objection was substantially justified; or

5

      3.      other circumstances make an award unjust.

F.R.Civ.P. 37(a)(5)(A)(i-iii).

In any event, "pro se litigants are not entitled to attorneys' fees without express statutory authorization." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 816 (9th Cir. 1985). *Accord Carter v. Veteran's Administration*, 780 F.2d 1479, 1481 (9th Cir. 1986); *Harvey v. City of Fresno*, 2009 WL 3157524 at * 13 n. 9 (E.D. Cal. September 28, 2009) (No. 1:08-cv-01399-OWW-DLB).

Because Plaintiff did not certify that he had made a good faith effort to meet and confer with defense counsel before filing his March 31, 2011 motion to compel, the motion did not comply with the procedural requirements. In the telephonic status conference, Plaintiff conceded that he had not attempted to meet and confer, believing that negotiation with defense counsel would be unproductive. Accordingly, Plaintiff is not entitled to sanctions under F.R.Civ.P. 37(a)(5)(A).

Further, no Rule 37 order exists. In light of Plaintiff's failure to meet and confer, the Court simply mediated the parties' discovery dispute. As a result, Plaintiff agreed to articulate his requests more specifically; to provide to defense counsel sample documents of the type that he was seeking; and to execute the protective order necessary to permit Defendant to release the document including personal and confidential information regarding a specific Peace Officer. Defendant agreed to respond to Plaintiff's requests within a specific time period, provided Plaintiff specified his outstanding requests in writing within the specified time period. Plaintiff is not entitled to sanctions.

### III. Conclusion and Order

For the reasons stated above, Plaintiff's motion for sanctions is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   August 31, 2011**                             /s/ Sandra M. Snyder
                                                                      UNITED STATES MAGISTRATE JUDGE