# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER PETERSON, III, | CASE NO. 1: 10-cv-01132-BAM |
| Plaintiff, | **INFORMATIONAL ORDER RE SUMMARY JUDGMENT MOTION** |
| v. | |
| STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |

The parties to this litigation shall take note of the following requirements:

1. At some point in the litigation, any Defendant may move for summary judgment as to some or all of Plaintiff's claims. Pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), Plaintiff is advised of the following requirements for opposing a motion for summary judgment made by each Defendant pursuant to Fed. R. Civ. P. 56. Such a motion is a request for an order for judgment on some or all of Plaintiff's claims in favor of the moving Defendant without trial. *See* Fed. R. Civ. P. 56(b). Each Defendant's motion will set forth the facts which each Defendant contends are not reasonably subject to dispute and that entitle the moving Defendant to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion,

1  Plaintiff must show proof of the claims set forth in the complaint. Plaintiff may agree with the facts
2  set forth in any Defendant's motion but argue that the Defendant is not entitled to judgment as a
3  matter of law. Plaintiff may show the moving Defendant's facts are disputed in one or more of the
4  following ways: (1) Plaintiff may rely upon statements made under penalty of perjury in the
5  complaint **if** the complaint shows that Plaintiff has personal knowledge of the matters stated **and if**
6  Plaintiff calls the Court's attention to those portions of the complaint upon which Plaintiff relies; (2)
7  Plaintiff may also serve and file affidavits or declarations setting forth the facts which Plaintiff
8  believes prove Plaintiff's claims (the persons who sign the affidavit or declaration must have
9  personal knowledge of the facts stated);[1]  (3) Plaintiff may also rely upon written records, but
10 Plaintiff must prove that the records are what Plaintiff claims they are;[2] (4) Plaintiff may also rely
11 upon all or any part of the transcript of one or more depositions, answers to interrogatories, or
12 admissions obtained in this proceeding. Should Plaintiff fail to contradict the moving Defendant's
13 motion with affidavits, declarations, or other evidence, the Defendant's evidence will be taken as
14 true, and final judgment may be entered without a full trial. *See* Fed. R. Civ. P. 56(e).

15       If there is some good reason why such facts are not available to Plaintiff when required to
16 oppose such a motion, the Court will consider a request to postpone considering each Defendant's
17 motion. *See* Fed. R. Civ. P. 56(d). If Plaintiff does not serve and file a request to postpone
18 consideration of each Defendant's motion or written opposition to the motion, the Court may
19 consider Plaintiff's failure to act as a waiver of opposition to each Defendant's motion. Plaintiff's
20 waiver of opposition to each Defendant's motion may result in the entry of summary judgment
21 against Plaintiff.

---

[1] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts that would be admissible into evidence. *See* Fed. R. Civ. P. 56(c)(4).

[2] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. *See* Fed. R. Civ. P. 56(c).

2. A motion supported by affidavits or declarations that are unsigned will be stricken.

3. The failure of any party to comply with the order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

4. The parties are referred to Local Rule 230 and 260 for procedures and time frames specific to the motion for summary judgment.

IT IS SO ORDERED.

Dated:   **April 5, 2012**            /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE